**No. 52047.**—Altshul Stern & Co. et al. *v.* United States, protests 118593–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52048.**—Browne Vintners Co., Inc. *v.* United States, protest 120331–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested and not found were not in fact received by the importer or by any other person for the importer's account. In accordance with stipulation and following the decision cited it was held that the merchandise, insofar as it pertains to the quantities reported by the inspector as manifested and not found, is subject to an allowance in duties and internal revenue taxes. The protest was sustained to this extent.

**No. 52049.**—British American Importation Co., Ltd. *v.* United States, protest 116402–K (Los Angeles).

Opinion by JOHNSON, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the value of the contents of each of the barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.